# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JUSTIN MYLES FORDHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV419-134 |
| ) | |
| STATE OF GEORGIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND REPORT AND RECOMMENDATION

Proceeding pro se and in forma pauperis plaintiff brings this 42 U.S.C. § 1983 complaint alleging deprivation of medical care. The Court now screens plaintiff's complaint under 28 U.S.C. § 1915A.[1]

The facts section in plaintiff's complaint, doc. 1 at 5, reads in its entirety

> Been Held for 1 Year 1 month and Counting not [indecipherable] No Trial. Refused Right to Due Process

---

[1] The Prison Litigation Reform Act (PLRA) requires federal courts to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. *See* 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id.* Similarly, 42 U.S.C. § 1997e(c)(2) allows the Court, under the same four standards for dismissal listed in § 1915A, to dismiss any prisoner suit brought "with respect to prison conditions." Therefore, the Court examines plaintiff's complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

> Refused Right to Speedy trial, Refused First Offender Act. Refuse to Allow Punitive Reimbursement for Criminal Holding A.N.A. False ImprisonMent.

Plaintiff provides no details, but merely recites that he has been denied a series of rights after being held (presumably in prison—although that too is unclear). His later filings do little to enlighten the Court. *See, e.g.*, doc. 18 ("Due to (1)one Forgery 3rd In regards to Motion on said Date 9-17-19 after During and for unto Georgia State law in regards to Due process law in Pursuant to 28 U.S.C. § 636(b)(1)(2)(B) and Courts local Rule and Mandates 72.3 Right to Speedy trial and legal 90 Day Due Process has not Been Met. . . ."). Although a letter appears to suggest that he is being held pending some kind of hearing or trial on a criminal matter (which plaintiff refers to as a hostage situation). Doc. 20 at 1. However, it is clear that what plaintiff wants is to be released. *Id*.

Fordham's focus on release suggests that his intended relief may be some form of habeas. This Court does have the authority to ignore the label attached to the complaint and recharacterize it. *Retic v. United States*, 215 F. App'x 962, 964 (11th Cir. 2007) (*citing Castro v. United States*, 540 U.S. 375, 381 (2003); *see also Rameses v. U.S. Dist. Court*, 523 F. App'x 691, 694 (11th Cir. 2013) (The Court may "recharacterize a pro

2

se litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis."). Recharacterization of a § 1983 claim to a habeas petition is not without its costs and the Court is disinclined to do so when plaintiff's intent is vague, at best.[2] Even reconstrued, the viability of a habeas claim is dubious; it is possible that plaintiff's complaint is not ripe as it is unclear from the filings whether he has been convicted and is serving a sentence or is waiting for proceedings to resolve. *See, e.g.*, 28 U.S.C. § 2251(b)(1)(A) (habeas petitioners must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief); 28 U.S.C. § 2244(d)(1)(A) ("1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the

---

[2] *Castro v. United States* requires the Court to warn a litigant prior to recharacterizing his motion as a habeas petition. 540 U.S. at 383 383 ("[W]hen a court recharacterizes a pro se litigant's [filing] as a first § 2255 motion . . . [it] must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."); *Jones v. O'Neal*, 2012 WL 6084650 at * 1 n. 3 (S.D. Ga. Dec. 6, 2012) (*Castro* and its warnings also apply in the § 2254 context).

time for seeking such review."). The Court, therefore, declines to reconstrue Fordham's pleading.

Plaintiff's complaint, therefore, should be **DISMISSED without prejudice**. He is free to refile a § 1983 complaint that articulates which constitutional right he contends has been violated—with factual support. He is also free to seek habeas corpus relief, assuming that he has satisfied the procedural prerequisites. To assist Fordham in his potential refiling, the Clerk of Court is **DIRECTED** to serve, along with a copy of this Report and Recommendation, the following forms: (1) Complaint for Violation of Civil Rights (Prisoner) (Pro Se 14); (2) Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (AO241); and (3) Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (AO242). Because the Court dismisses plaintiff's complaint, his motion for dismissal, doc. 16, should be **DISMISSED AS MOOT**. His discovery motions, doc. 17 and 19, are **DENIED**.

Meanwhile, it is time for plaintiff to pay his filing fees. Plaintiff's prisoner trust fund account statement reflects $0 in average monthly deposits and a $0 average monthly balance. Based upon his furnished information, he does not owe an initial partial filing fee. See 28 U.S.C. §

1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added).  However, the custodian also shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full.

In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian.  The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.  A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian.  The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy

on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 29th day of July, 2020.

*/s/ Christopher L. Ray*
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia